Jim W. **RUTLEDGE**, Plaintiff,

v.

**CONTINENTAL CASUALTY COMPANY, an Illinois Corporation,** Defendant.

Civ. A. No. 82–60339.

United States District Court, E.D. Michigan, S.D.

Dec. 7, 1982.

McLain & Winters, Dennis O. McLain, Ypsilanti, Mich., for plaintiff.

Davis & Fajen, Peter Davis, Ann Arbor, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on plaintiff's motion entitled "Objections to Subpoena Duces Tecum." For the reasons given below, the motion is denied and sanctions, consisting of costs and attorney fees, are imposed against plaintiff's attorney.

On or about October 20, 1982, plaintiff was served with a notice directing him to appear for his deposition on November 29, 1982. The notice of deposition included a request for production of ten categories of documents. The request for production of documents was proper under Fed.R.Civ.P. 30(b)(5).

Rule 30(b)(5) incorporates the procedures of Rule 34. Rule 34(b), in turn, states that a party from whom documents are sought may respond or object, "in which event the reasons for objection shall be stated." It then becomes the duty of the party submitting the request "to move for an order under Rule 37(a) with respect to any objection." This would have been the proper procedure for plaintiff to follow.[1]

However, treating plaintiff's motion as one either to quash defendant's request for production of documents or for a protective order pursuant to Fed.R.Civ.P. 26(c), the motion must be denied in accordance with the court's oral ruling of November 18, 1982.

There is, however, a more serious aspect to plaintiff's motion. Rule 17(a) of the Local Rules of the Eastern District of Michigan provides as follows:

1.  It shall be the responsibility of the movant to ascertain whether or not the contemplated motion will be opposed. *The motion shall affirmatively state that the concurrence of counsel in the relief sought has been denied or has not been acquiesced in and hence it is necessary to bring the motion . . . .* (emphasis added)

2.  *With respect to all motions and objections relating to discovery,* pursuant to Rules 26 through 37, Federal Rules of Procedure, *counsel for each of the parties shall meet and confer in advance of the hearing in a good faith effort to narrow the areas of disagreement.* The conference shall be held a sufficient time in advance of the hearing so as to enable the parties to narrow the areas of disagreement to the greatest possible extent. *It shall be the responsibility of counsel for the movant to arrange for the conference,* and in the absence of an agreement to the contrary, the conference shall be held in the office of the attorney nearest the Court in the Division in which the motion is pending. (emphasis added)

Plaintiff's motion does not contain the affirmative statement required by Local Rule 17(a)(1). Furthermore, plaintiff's counsel admitted in open court that he had not complied with Local Rule 17(a)(2). This being a motion "relating to discovery", it was incumbent on plaintiff's counsel to "meet and confer" with defendant's attorney "in advance of the hearing in a good faith effort to narrow the areas of disagreement."

The Local Rules are *not* hollow shells, elegant but devoid of substance. They are binding rules of court, promulgated by the judges of the Eastern District of Michigan pursuant to 28 U.S.C. § 2071 and Fed.R.Civ.P. 83. They are to be adhered to strictly by all parties and attorneys to whom they apply, and this court will not hesitate to impose sanctions for noncompliance. Local Rule 5.

Therefore, plaintiff's counsel is directed to pay to defendant its costs, including reasonable attorneys fees, of preparing a written response to the motion and of appearing in court to defend against the motion, in

---

1. In addition, defendant did not serve on plaintiff a "subpoena duces tecum", nor would it have been necessary to do so since plaintiff is a party to this action. Fed.R.Civ.P. 45 contemplates that subpoenas will be served on nonparties. A mere notice to produce, such as the one defendant served on plaintiff, suffices to compel documentary discovery from parties.

accordance with the court's oral ruling of November 18, 1982.

So ordered.